JS-6  O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>COTTAGE HEALTH SYSTEM, a California organization,<br><br>            Defendant.<br>_____ | Case No. CV 15-03432 DDP (AGRx)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Dkt. No. 13] |

    The parties in this action agree that they intend to attempt to resolve their dispute via mediation, as provided for in the insurance policy that is the subject of this action. (Mot. Dismiss at 4; Opp'n at 1.) The sole question in this motion is whether to dismiss the case altogether or to issue a stay. Having considered the parties' submissions, the Court concludes that dismissal is appropriate.

    The insurance policy provides that "[a]ll disputes and differences between the Insured and the Insurer which may arise under or in connection with this policy . . . *shall* be submitted to the alternative dispute resolution ("ADR") process" and that if

mediation is the chosen method of ADR "no . . . judicial proceeding shall be commenced until the mediation shall have been terminated and at least 60 days shall have elapsed from the date of the termination . . . ." (Mot. Dismiss, Ex. A at 18.)

    The Court concludes that the above language controls the timing of suits arising out of the policy and requires that the ADR process take place before a lawsuit is initiated. Plaintiff makes no argument that the ADR provision is unconscionable or otherwise unenforceable as a matter of contract, and the provision does not deprive Plaintiff of the right to bring a lawsuit if mediation fails. There is therefore no reason not to hold Plaintiff to its agreement.

    Faced with a nearly identical ADR clause in a previous case, this Court concluded that dismissal was appropriate by treating the motion as a "'non-enumerated' Rule 12(b) motion[]" based on, essentially, "failure to exhaust non judicial remedies." Previti v. Nat'l Union Fire Ins. Co. of Pittsburgh PA, No. EDCV 12-00704 DDP, 2012 WL 3257877, at *3 n.5 (C.D. Cal. Aug. 7, 2012). However, the case the Court relied on in Previti has since been overruled. Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (overruling, inter alia, Inlandboatmens Union of the Pac. v. Dutra Grp., 279 F.3d 1075, 1078 n. 2 (9th Cir.2002)). Albino appears to disfavor "non-enumerated" Rule 12(b) motions altogether as "not contemplated by" the Federal Rules, but in any event they are no longer a feasible mechanism for dealing with exhaustion questions, including failure to arbitrate or mediate. Id. at 1169.

    The Albino court therefore laid out two alternative procedures for dispensing with unexhausted claims. First, "where a failure to

2

exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." Id. Second, where the failure to exhaust non-judicial remedies is not clear on the face of the complaint, the opposing party may move for summary judgment. Id. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1170-71. This should all take place, "if feasible," at the start of litigation.

Here, the Court concludes that failure to exhaust is clear from the face of the complaint. Plaintiff's complaint does not include the full policy or the ADR clause. However, the complaint fundamentally relies on the policy, and it may therefore be incorporated into the complaint by reference. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). The complaint does not allege that Plaintiff abided by the ADR clause in filing the action; nor, indeed, has Plaintiff argued otherwise. That Plaintiff has not exhausted the non-judicial remedies required by the contract is therefore apparent on the face of the complaint.[1]

---

[1] Plaintiff also provides no argument that it will suffer prejudice if the action is dismissed rather than stayed, such as the running of a statute of limitations. Thus, there is no equitable or other concern on the table that would counsel against dismissal.

3

The Court therefore DISMISSES the complaint WITHOUT PREJUDICE, so that the parties may pursue alternative dispute resolution under the terms of the policy.

IT IS SO ORDERED.

Dated: July 17, 2015

DEAN D. PREGERSON
United States District Judge